UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN DOE and A.B. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 3:20-CV-129 |
| | ) | |
| ADAM GRAY, individually and in his | ) | |
| Official capacity as officer of the Starke | ) | |
| County Sheriff Department, KATHERINE | ) | |
| PURTEE, individually and in her official | ) | |
| capacity as Family Case Manager with the | ) | |
| Indiana Department of Child Services, | ) | |
| STARKE COUNTY SHERIFF | ) | |
| DEPARTMENT, and INDIANA | ) | |
| DEPARTMENT OF CHILD SERVICES | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiffs John Doe and A.B. by Counsel Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC, and for their Complaint for Damages against the defendants, Adam Gray, individually and in his official capacity as officer of the Starke County Sheriff Department and Katherine Purtee, individually and in her official capacity as Family Case Manager with the Indiana Department of Child Services, Starke County Sheriff Department and Indiana Department of Child Services, state and allege as follows:

### JURISDICTION, BACKGROUND & VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of John Doe's rights as secured by the United States Constitution.

2. John Doe was born as a female. Prior to February 7, 2018, John Doe began the transition from female to male. On February 7, 2018, John Doe and his significant

other, A.B., were arrested by Defendant Adam Gray and transported to the Starke County Jail for questioning.  While at the Starke County Jail, Adam Gray ordered John Doe to strip and change his clothes into the jail garb.  Adam Gray remained in the cell during the time John Doe changed his clothes.  Adam Gray then went into the interview room with A.B. and advised A.B. that John Doe was a female and did not have the male genital part.  Additionally, when John Doe and A.B. were arrested, Kathrine Purtee arrived at the residence to remove A.B.'s children from the home.  Adam Gray told Katherine Purtee that John Doe was a female.  Katherine Purtee then disclosed that information to A.B.'s children.  A.B.; nor her children, were aware of John Doe's sexual preference prior to Adam Gray and Katerine Purtee disclosing said information.

## **THE PARTIES**

3. On or about February 7, 2018, John Doe was a resident of Starke County, Indiana.
4. On or about February 7, 2020, A.B. was a resident of Starke County, Indiana.
5. At all times relevant to the events at issue in this case, Defendant Adam Gray was employed by the Starke County Sheriff Department as an officer.  As such, Defendant Gray was acting under color of law.  He is sued in his official and individual capacities.
6. At all times relevant to the events at issue in this case, Defendant Katherine Purtee was employed by the Indiana Department of Child Services as a Family Case Manager and worked out of the Starke County, Indiana office.  As such, Defendant Gray was acting under color of law.  She is sued in her official and individual capacities.

7. At all times relevant to the events at issue in this case, Defendant Starke County Sheriff Department is a governmental agency located in Starke County, Indiana.

8. At all times relevant to the events at issue int his case, Defendant Indiana Department of Child Services is a governmental agency of the State of Indiana.

## FACTS

9. John Doe was born as a female.

10. Prior to February 7, 2018, John Doe began the medical transition from female to male.

11. On February 7, 2018, John Doe was arrested by Defendant Gray and transported to the Starke County Jail.

12. On February 7, 2018, John Doe's significant other, A.B., was also arrested and transported to the Starke County Jail.

13. At the time of their arrest, A.B.'s children were at the house.

14. Defendant Katherine Purtee arrived at the house at the time of the arrest and removed the children.

15. While at the Starke County Jail, Defendant Gray ordered John Doe to strip naked and change into the Starke County Jail uniform.

16. Defendant Gray remained in the cell and observed John Doe change his clothes.

17. Defendant Gray then left and proceeded to interview A.B. regarding the arrest.

18. During his interview with A.B., Defendant Gray advised A.B. that John Doe was a female and did not have male genitalia.

19. Prior to February 7, 2018, John Doe had not disclosed to A.B. or any of the children his sexual preference.

20. Defendant Gray then disclosed John Doe's sexual preference to Defendant Purtee.

21. Defendant Purtee then disclosed this information to the foster parents, Susan Brewer and Tracey (last name unknown) who were charged with keeping A.B.'s children.

22. Defendant Purtee additionally disclosed this information to A.B.'s children.

### COUNT I: 42 U.S.C § 1983
### Violation of Fourteenth Amendment Right to Privacy
### Against Defendants Adam Gray and Katherine Purtee regarding Plaintiff John Doe

23. Each paragraph of this Complaint is incorporated as if restated fully herein.

24. Defendant Gray and Defendant Purtee, acting under color of law, violated John Doe's right to privacy.

25. John Doe's sexual preference was intensely personal to him.

26. John Doe had a clearly established constitutional right to privacy of his sexual preference.

27. Defendant Gray and Defendant Purtee did not have any legitimate government interest to disclose John Doe's sexual preference to anyone.

28. Defendant Gray and Defendant Purtee knew, or should have known, that disclosing extremely personal without any government interest, violated John Doe's right to privacy.

29. As a result of Defendant Gray's and Defendant Purtee's unconstitutional disclosure of John Doe's personal information, John Doe has suffered significant embarrassment, harassment and mental and emotional distress for which John Doe has been hospitalized.

## COUNT II: 42 U.S.C § 1983
### Violation of Fourth Amendment Rights
### Against Defendant Adam Gray regarding John Doe and A.B.

30. Each paragraph of this Complaint is incorporated as if restated fully herein.

31. Defendant Gray, acting under color of law, denied Plaintiffs their rights under the Fourth Amendment to the United States Constitution in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

32. Defendant Gray spoke with John Doe's and A.B.'s son, R.M. on or about February 6, 2018.

33. During said conversation, R.M. told Defendant Gray that A.B. had provided R.M. some food while he was staying at his friend's house.

34. Additionally, R.M. told Defendant Gray that A.B. had texted R.M. and told him to come home.

35. With that information, Defendant Gray arrested John Doe and A.B. without a warrant and without probable cause on February 7, 2018.

36. John Doe and A.B. were held in custody until February 9, 2018 when they were eventually released on their own recognizance.

37. Defendant Gray knew, or should have known, that arrested John Doe and/or A.B. without probable cause violated their constitutional rights.

38. As a direct and proximate result of the aforesaid, Plaintiffs has been damaged as alleged.

## COUNT III:
## COUNT IV: State Law Intentional Infliction of Emotional Distress Against Defendants Adam Gray and Katherine Purtee regarding John Doe

39. Each paragraph of this Complaint is incorporated as if restated fully herein.

40. Defendants' actions of disclosing extremely personal information of John Doe without any legitimate government interest, was extreme and outrageous conduct.

41. By this conduct, Defendants' intentionally or recklessly caused severe emotional distress to John Doe.

42. Defendants acted with malice, gross negligence or oppressiveness.

43. Defendants' were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

44. John Doe suffered severe emotional distress due to the Defendants' unlawful actions.

45. Defendant Gray was acting within the scope of his employment as an officer with the Starke County Sheriff Department.

46. Defendant Purtee was acting within the scope of her employment as a family case manager with the Indiana Department of Child Services.

## COUNT IV: State Law
## Respondeat Superior
## Defendant Starke County Sheriff Department

47. Each paragraph of this Complaint is incorporated as if restated fully herein.

48. In committing the acts alleged in the preceding paragraphs, Defendant Adam Gray was an employee of Defendant Starke County Sheriff Department, acting at all relevant times within the scope of his employment.

49. Defendant Starke County Sheriff Department is liable as principal for all state torts (Count III) committed by their agents.

## COUNT IV: State Law
## Respondeat Superior
## Defendant Indiana Department of Child Services

50. Each paragraph of this Complaint is incorporated as if restated fully herein.

51. In committing the acts alleged in the preceding paragraphs, Defendant Katherine Purtee was an employee of Defendant Indiana Department of Child Services, acting at all relevant times within the scope of her employment.

52. Defendant Indiana Department of Child Services liable as principal for all state torts (Count III) committed by their agents.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs requests that the Court find and determine, after trial by jury as appropriate, that the Plaintiffs have suffered substantial and continuing injury as a result of deprivation of their civil and constitutional rights, and otherwise wrongful conduct, and aware the following relief as appropriate:

   a. Compensatory damages
   b. Punitive damages against the individual capacity Defendants
   c. Attorneys' fees and costs
   d. Such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, John Doe and A.B.., hereby demand a trial by jury on all issues so triable.

Dated this 7th day of February, 2020.

                                          RESPECTFULLY SUBMITTED,

                                          /s/ Russell W. Brown, Jr. _____
                                          Russell W. Brown, Jr.
                                          KING, BROWN & MURDAUGH, LLC
                                          9211 Broadway
                                          Merrillville, IN 46410
                                          219-769-6300
                                          rbrown@kbmtriallawyers.com
                                          Attorney for Plaintiff