UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DOE and A.B. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO.: 3:20-CV-129 |
| ) | |
| ADAM GRAY, individually and in his ) | |
| Official capacity as officer of the Starke ) | |
| County Sheriff Department, KATHERINE ) | |
| PURTEE, individually and in her official ) | |
| capacity as Family Case Manager with the ) | |
| Indiana Department of Child Services, ) | |
| STARKE COUNTY SHERIFF ) | |
| DEPARTMENT, and INDIANA ) | |
| DEPARTMENT OF CHILD SERVICES ) | |
| ) | |
| Defendants. ) | |

## **VERIFIED MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO PROCEED UNDER PSEUDONYM JOHN DOE AND A.B.**

COMES NOW, Plaintiffs John Doe and A.B. by Counsel Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC, and file this Verified Motion for an Order Allowing Plaintiffs to Proceed Under Pseudonym John Doe and A.B. and in support thereof states the following:

1. On February 7, 2020, Plaintiffs filed their Complaint against the Defendants [DE 1].

2. In said Complaint, Plaintiffs are named John Doe and A.B. respectively.

3. Federal Rule of Civil Procedure 10 provides that the title of the action in the complaint shall include the names of all parties.

4. Additionally, Federal Rule of Civil Procedure 17 requires that all civil actions be prosecuted in the name of the real party.

5. However, federal court of appeals and district courts nationwide, including this district, have recognized that a district court may permit a party to proceed under a fictitious name.

6. This exception is permitted where the party has a privacy right so substantial as to outweigh the customary presumption of openness in judicial proceedings.

7. Federal courts have recognized a constitutional right to privacy of one's sexual orientation and/or transgender identity.

8. John Doe challenges the Defendants' unlawful disclosure of his transgender identity.

9. Forcing John Doe to proceed in his legal name would require him to disclose information of the utmost intimacy which is the subject of this suit.

10. Forcing John Doe to proceed in his legal name would subject him to undue harassment, embarrassment and would put him at risk of suffering injury.

11. Additionally, A.B. is John Doe's significant other and shares his last name.

12. Forcing A.B. to proceed in her legal name would clearly identify John Doe and subject him to the same harassment, embarrassment and risk of injury as if he was forced to proceed under his legal name.

13. The Complaint provides detailed facts of the allegations.

14. The Defendants would not be prejudiced by the granting of this Motion.

WHEREFORE, the Plaintiffs, by Counsel, pray that this Court grant this Motion and for all other just and proper relief.

RESPECTFULLY SUBMITTED,

/s/ Russell W. Brown, Jr. _____
Russell W. Brown, Jr.
KING, BROWN & MURDAUGH, LLC
9211 Broadway
Merrillville, IN 46410
219-769-6300
rbrown@kbmtriallawyers.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of this Motion was served upon the Defendants with the Complaint and the Summons.

/s/ Russell W. Brown, Jr. _____
Russell W. Brown, Jr