UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DOE, *et al.*, | |
| Plaintiffs, | |
| v. | CASE NO. 3:20-CV-129-DRL-MGG |
| ADAM GRAY, *et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Verified Motion for an Order Allowing Plaintiffs to Proceed under Pseudonym John Doe and A.B. [DE 2]. As of this date, no Defendant has filed a response in opposition to Plaintiff's Verified Motion despite being afforded ample time to do so. [*See* DE 11]. Therefore, the Court can only assume that Plaintiffs' Verified Motion is unopposed. The Court cannot, however, summarily grant Plaintiffs' Verified Motion based solely upon Defendants' lack of objection.

Rule 10(a) of the Federal Rules of Civil Procedure states that "[t]he title of the complaint must name all the parties . . . ." Additionally, Fed. R. Civ. P. 17(a)(1) requires that every action "be prosecuted in the name of the real party in interest."

As a result, anonymous litigation is "disfavor[ed]" because "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Doe v. Smith,* 429 F.3d 706, 710 (7th Cir. 2005) (citations omitted). Yet, "[t]he presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be

rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004) (citations omitted). The Court must not automatically grant a motion to proceed anonymously even if there is no objection, but must "engage[ ] in the careful and demanding balancing of interests required in making this determination." *Doe v. Elmbrook Sch. Dist.,* 658 F.3d 710, 722 (7th Cir. 2011) (citing *Smith,* 429 F.3d at 710; *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997)). A district court was deemed sufficiently thorough when it made its decision to allow anonymity based upon a motion that cited appropriate cases to inform the court of the proper standard along with multiple sworn declarations making the future risk of retaliation evident from the party's previous experience of retaliation. *Elmbrook,* 658 F.3d at 721–24 (citations omitted); *see also P.D. ex rel. C.D. v. Carroll Consol. Sch. Corp.*, 820 F. Supp. 2d 907, 908 (N.D. Ind. 2011). "The danger of retaliation is often a compelling ground for allowing a party to litigate anonymously." *Doe v. City of Chicago,* 360 F.3d at 669. Another court identified a common thread running through cases where anonymity was deemed warranted as "the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981).

Through the instant motion, Plaintiffs suggest that John Doe's transgender identity—the subject of this suit—is just such a trait. Plaintiffs contend that if John Doe were forced to disclose his legal name, he would be "disclos[ing] information of the utmost intimacy" and "subject[ing] him[self] to undue harassment, embarrassment and

2

would put him at risk of suffering injury." [DE 2 at 2, ¶ 9–10]. Plaintiffs also contend that disclosing A.B.'s legal name, which includes John Doe's last name that she shares with him as his significant other, would also subject John Doe to "the same harassment, embarrassment and risk of injury." [DE 11 at 11–12].

In other cases, when provided with sufficient evidence of a threat of physical harm and/or social approbation, this Court has allowed litigants to proceed anonymously. *See, e.g.*, *Doe v. Purdue Univ.*, 321 F.R.D. 339 (N.D. Ind. 2017); *P.D. ex rel. C.D.*, 820 F. Supp. 2d at 907; *see also Irish 4 Reproductive Health,* et al. *v. U.S. Dep't of Health & Human Servs.*, Cause No. 3:18-cv-491-PPS-JEM (DE 26, Aug. 17, 2018 N.D. Ind.); *cf., e.g.*, *Hively v. Ivy Tech Cmty. Coll.*, CAUSE NO. 3:14-CV-1791-JD-MGG, 2018 WL 3198888 (N.D. Ind. May 14, 2018) (adjudicating the plaintiff's case for employment discrimination based on her sexual orientation using her full legal name). In the cases where this Court has granted leave to proceed with anonymity, the relator has cited the appropriate rule, relevant case law, and has provided information about prior incidents or potential threats with sufficient specificity to allow this Court to draw an appropriate legal conclusion.

Here, however, Plaintiffs identify Federal Rules of Civil Procedure 10 and 17 as applicable to this issue but provide no further authority as to how this Court should evaluate any social stigma or risk of injury John Doe would suffer if his and A.B.'s names were disclosed in this action. Furthermore, Plaintiffs only make general allegations of possible future harm to John Doe without any evidence of past retaliation. "An important factor in favor of anonymity is whether the plaintiff is particularly

3

vulnerable to the possible harms of disclosure . . . ." *P.D. ex rel. C.D.*, 820 F. Supp. 2d at 909 (internal quotations omitted). Therefore, Plaintiffs have not provided the Court with sufficient information to balance Plaintiffs' private interests in privacy with the public's interest in all proceedings before this Court.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Verified Motion. [DE 2]. The Court will, however, maintain Plaintiffs' anonymity to afford them time to address the Court's concerns outlined herein. Plaintiffs may file a renewed motion to proceed anonymously on or before **April 7, 2020**. Any renewed motion should acknowledge the presumption against anonymity and show that the harm to Plaintiff John Doe "exceeds the likely harm from concealment" of both Plaintiffs' names. *Doe v. City of Chicago*, 360 F.3d at 669. If the Court receives no renewed motion, Plaintiffs will be ordered to amend the caption of this case to reflect their legal names.

**SO ORDERED** this 1st day of April 2020.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge