UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN DOE and A.B. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 3:20-CV-129 |
| | ) | |
| ADAM GRAY, individually and in his | ) | |
| Official capacity as officer of the Starke | ) | |
| County Sheriff Department, KATHERINE | ) | |
| PURTEE, individually and in her official | ) | |
| capacity as Family Case Manager with the | ) | |
| Indiana Department of Child Services, | ) | |
| STARKE COUNTY SHERIFF | ) | |
| DEPARTMENT, and INDIANA | ) | |
| DEPARTMENT OF CHILD SERVICES | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR AN ORDER ALLOWING PLAINTIFFS TO PROCEED UNDER PSEUDONYM JOHN DOE AND A.B.**

**Introduction**

Plaintiffs John Doe and A.B. submit this Memorandum of Law in support of their motion to proceed as pseudonymous plaintiffs and proceed the litigation under the pseudonyms "John Doe" and A.B.

As discussed in detail below, Plaintiffs contend that pertinent factors in determining whether to grant pseudonym status are present in this case. These factors, as discussed in *Doe v. Indiana Black Expo, Inc.* 923 F.Supp. 137, 140 (S.D. Ind. 1996), include: plaintiffs are challenging a government act, plaintiff John Doe would be required to disclose information of utmost intimacy, plaintiffs would suffer serious harm if they are identified, and there is no

prejudice to Defendants if the suit is litigated under a pseudonym. Therefore, Plaintiffs respectfully urge this Court to grant this Motion.

## Statement of Facts

Plaintiff John Doe was born female and has begun the medical transformation to male. Plaintiff A.B. is John Doe's wife and shares his last name. John Doe's sexual orientation is very private to him. John Doe has taken significant efforts to maintain his sexual orientation confidential, including not disclosing the same to A.B. prior to the incidents complained of in the Complaint.

Plaintiffs continue to live in Starke County, Indiana with their three minor children. According to the United State Census Bureau, Starke County's estimated population in 2019 was 22,995.[1] As a result of the incidents outlined in the Complaint and the relative small population of Starke County, Plaintiffs and their children have experienced ridicule and embarrassment. For example, some of the children are refused opportunities to play with friends by the friends' parents and have been victims of bullying. Additionally, Plaintiffs have been mocked, harassed, and ridiculed by members of their community. Plaintiffs respectfully submit that these facts and the facts outlined in the Complaint satisfy the legal criteria for proceeding under pseudonyms.

## Argument

### I. Applicable Law Governing Pseudonym Status

Plaintiffs acknowledge that the use of fictitious names is disfavored. *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The judge has an independent duty to determine whether exceptional circumstances justify the use of pseudonyms.

---

[1] https://www.census.gov/quickfacts/fact/table/starkecountyindiana/BZA210217

*Id*.  However, as recognized by the Court in *Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 139 (S.D. Ind. 1996):

> Notwithstanding the powerful presumption in favor of open proceedings where the parties are identified, the federal courts of appeal and a number of district courts have recognized that a district court may have the discretion to permit a party to proceed under a fictitious name. This unusual practice has been permitted in exceptional cases where the party has a privacy right so substantial as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank,* 951 F.2d at 323, quoting *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981). See, *e.g., James v. Jacobson,* 6 F.3d 233, 238-39 (4th Cir. 1993); *Coe v. United States Dist. Ct. for the Dist. of Colo.,* 676 F.2d 411, 418 (10th Cir. 1982); *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979); *Doe v. Shakur,* 164 F.R.D. 359, 360 (S.D.N.Y. 1996); *Doe v. Bell Atlantic Business Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D. Mass. 1995). The Supreme Court appears not to have ruled specifically on the practice or its compatibility with Fed. R. Civ. P. 10, but it has implicitly permitted the use of fictitious names in a number of cases. *E.g., Roe v. Wade,* 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973); *Doe v. Bolton,* 410 U.S. 179, 35 L. Ed. 2d 201, 93 S. Ct. 739 (1973). All courts recognize, however, that proceeding under a fictitious name is an unusual measure reserved for exceptional cases.

The Court in *Doe v. Indiana Black Expo, Inc.*, identified some factors courts should consider in determining whether a plaintiff's privacy interest outweighs the presumption favoring public identification of litigants:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Id*. at 140 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).  Plaintiffs contend that these factors support their Motion to litigate this case pseudonymously.

### A.  **Plaintiffs' Claims Challenge Government Activity**

The first factor discussed in *Doe v. Indiana Black Expo, Inc.* when considering whether to grant pseudonym status is whether the plaintiff is challenging governmental activity.  923 F.Supp. at 140.  This factor clearly applies in this case.  Adam Gray is an officer with the Starke County Sheriff Department and at all times relevant to the complaint was acting within the scope of his employment.  Additionally, Katherine Purtee was an employee of the Indiana Department of Child Services and was acting within the scope of her employment.  The Plaintiffs are challenging Defendant Gray and Defendant Purtee's unlawful disclosure of confidential information that occurred as result of their employment.

Additionally, Defendants Starke County Sheriff Department and the Indiana Department of Child Services are defendants in the state law claims through the doctrine of respondeat superior.  Therefor, the first factor enumerated in *Doe v. Indiana Black Expo, Inc.* supports Plaintiffs' motion to proceed pseudonymously.

B. **Litigation Involves Information that is Highly Personal**

The second factor recognized in *Doe v. Indiana Black Expo, Inc.* when considering whether to grant pseudonym status is whether the plaintiff would be required to disclose information of the utmost intimacy.  923 F.Supp at 140.  Again, this factor is clearly present in this case.  Plaintiff John Doe was born female and has begun the medical transformation to male.  Medical information and sexual history have been classified as "highly personal information" that enjoys constitutional protection.  *See e.g. Whalen v. Roe*, 429 U.S. 589, 598 (1977); *Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010) (citing several district court opinions interpreting *Whalen* to include right of privacy of medical, sexual, financial and other categories of highly personal information); *Sterling v. Borough of Minersville*, 232 F.3d 190 (3rd Cir. 2000).

The basis of John Doe's complaint is that Defendants violated his constitutional right to privacy when they disclosed his sexual identification.  If John Doe is forced to reveal his true identity, the harm endured by the Defendants' disclosure would be nullified.  Therefore, Plaintiffs should be permitted to proceed anonymously due to the highly sensitive and personal nature of the medical and sexual information at stake.

C. **Disclosure of Plaintiffs' Identity Would Result in Significant Harm to Plaintiffs**

A third factor recognized in *Doe v. Indiana Black Expo, Inc.* when considering whether to grant pseudonym status is whether the plaintiff would risk suffering injury if identified. 923 F.Supp. at 140.  Revelation of John Doe's identity would result in significant harm to Plaintiff, the exact type which he seeks to remedy by the commencement of this lawsuit.  The Plaintiffs and their family have already endured embarrassment, ridicule, harassment and bullying as a result of Defendants' unlawful disclosure of John Doe's sexual identity.

Forcing Plaintiffs to identify themselves would exacerbate the harassment, ridicule, embarrassment and bullying. This is true especially given the nature of the internet. If John Doe is forced to reveal his name, any simple internet search would reveal this Case and the highly personal information John Doe seeks to remain confidential. The public's access to his identity could result in further damage to his future career endeavors, resulting in additional mental, emotional and psychological harm, the very harms which he seeks to remedy in this action. Therefore, Plaintiffs pray that this Court will allow them to continue this case pseudonymously.

D. **Defendants Will Not be Prejudiced**

A fourth factor recognized in *Doe v. Indiana Black Expo, Inc.*, is whether the party defending a suit brought under a pseudonym would be prejudiced. 923 F.Supp. at 140. This factor also supports Plaintiffs' request to proceed under a pseudonym.

The Defendants are already aware of Plaintiffs true identity. Thus, the Defendants will have an unobstructed opportunity to conduct discovery, present defenses and litigate this matter, regardless of whether Plaintiffs identify themselves.

## Conclusion

Based upon the foregoing law and analysis, and other such reasons the Court may deem just and proper, Plaintiffs request that the Court grant their Renewed Motion to Proceed Under Pseudonym.

RESPECTFULLY SUBMITTED,


/s/ Russell W. Brown, Jr. _____
Russell W. Brown, Jr.
KING, BROWN & MURDAUGH, LLC
9211 Broadway
Merrillville, IN 46410
219-769-6300
rbrown@kbmtriallawyers.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of this Motion was filed using the CM/ECF system which properly served all parties of record on this 6th day of April, 2020.


/s/ Russell W. Brown, Jr. _____
Russell W. Brown, Jr