UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN DOE and A.B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  3:20-cv-00129-DRL-MGG |
| | ) | |
| ADAM GRAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS**

State Defendants, Katherine Purtee and Indiana Department of Child Services, by counsel, respectfully submit this memorandum of law in support of their Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(6).

## I.     INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs bring a number of claims against a number of individuals, municipal agents, and a State Agency.  Specifically, insofar as the State Defendants are concerned, Plaintiffs bring claims under 42 U.S.C. § 1983 against Katherine Purtee, in her individual and official capacities, and state law claims against both Katherine Purtee and the Indiana Department of Child Services.  State Defendants do not presently move to dismiss Plaintiffs' individual capacity claims against Purtee under 42 U.S.C. § 1983 claims.  However, Plaintiffs' claims against Purtee in her "official capacity" fail as Purtee is "not a person" for purposes § 1983, Plaintiffs' state law claims against Purtee fail as Purtee is entitled to immunity under the Indiana Tort Claims Act, and Plaintiffs' state law claims against the Indiana Department of Child Services fail as they are barred by the Eleventh Amendment.

1

Here, John Doe was born female. [ECF 1, ¶ 2.] John Doe's preferred gender is male and began that female to male transition process prior to February 7, 2018. [*Id*.] On February 7, 2018, John Doe and A.B., his significant other, were arrested at their home. [*Id*. at ¶¶ 2, 13.] Indiana DCS caseworker Katherine Purtee was present for the arrest and removed the three children from the home. [*Id*. at ¶ 14.] Purtee learned later at the Starke County jail from co-defendant, Adam Gray, that Doe lacked male genitalia. [*Id*. at ¶ 20.] Purtee disclosed this information to A.B.'s children and the foster parents. [*Id*. at ¶¶ 21, 22.] Purtee, at all times, was acting within the scope of her employment as a family case manager within DCS. [*Id*. at ¶ 46.]

## II.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). When deciding a Rule 12(b)(6) motion to dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Kirk v. City of Kokomo,* 772 F. Supp. 2d 983, 988 (S.D. Ind. 2011) (citing *Mosley v. Klincar,* 947 F.2d 1338, 1339 (7th Cir. 1991)). "[F]actual allegations in the complaint must be sufficient to raise the possibility of relief above a 'speculative level', assuming that all of the allegations in the complaint are true." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (citation omitted). To survive a motion to dismiss, detailed factual allegations are not required, but the plaintiff must allege facts that state a claim to relief that is plausible on its face. *Iqbal,* 556 U.S. at 678 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

    **A.**    **The Court should dismiss claims brought under 42 U.S.C. § 1983 against Katherine Purtee, in her "official capacity," as she is not a "person" for purposes of 42 U.S.C. § 1983.**

2

Section 1983 provides:

> Every *person* who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added). "Personhood is an essential element of a § 1983 claim." *Lett v. Magnant,* 965 F.2d 251, 255 (7th Cir. 1992). The Supreme Court held in *Will v. Michigan Dept. of State Police* that neither States nor their officials are "persons" under § 1983. *See* 491 U.S. 58 (1989). Although cities and counties and their departments and agencies are generally "persons" which can be sued for monetary damages under § 1983, States and state agencies and state employees in their official capacities are not "persons" that can be sued for money damages within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *AFSCME v. Tristano*, 898 F.2d 1302, 1306 (7th Cir. 1990); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990). A lawsuit against a state official in his official capacity is no different as it also operates as a claim against the state itself. *See Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690 n. 55 [1978]).

Here, Plaintiffs bring a claim that Purtee violated Doe's Fourteenth Amendment rights under 42 U.S.C. § 1983. [ECF 1, p. 4.] Purtee, however, is named in her "official" capacity. [ECF 1, ¶ 6.] Naming Purtee in her "official capacity" is akin to naming the State of Indiana. Accordingly, this claim should be dismissed.

### B.   Purtee is entitled to Tort Claim Immunity.

Plaintiffs assert Purtee is liable to Doe under a state law theory of intentional infliction of emotional distress. [ECF 1, p. 6.]

But, Indiana Code § 34-13-3-5(b) states, "a lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." The Indiana Supreme Court defines 'scope of employment' as "conduct of the same general nature as that authorized, or incidental to the conduct authorized". *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind.2000) (quoting Restatement (Second) Agency § 229 (1958)). "Even tortious acts may fall within the scope of employment." *Id.* The rationale behind this immunity is "to ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment". *Id.* at 452 (quoting *Indiana Dept. of Correction v. Stagg,* 556 N.E.2d 1388, 1343 (Ind. Ct. App. 1990). The Supreme Court of Indiana has held "even criminal acts may be considered as being within the scope of employment if 'the criminal acts originated in activities so closely associated with the employment relationship as to fall within its scope'." *Stropes v. Heritage House Childrens Ctr. of Shelbyville, Inc*., 547 N.E.2d 244, 247 (Ind.1989).

Here, not only do Plaintiffs' clearly allege that at all times Purtee was acting within the scope of her employment as a family case manager with the Indiana Department of Child Services, [ECF 1, ¶ 46], the actions they allege she undertook fall within those considered within the confines of a family caseworker, [*see* e.g. *Id*. at ¶ 14; (Indiana DCS caseworker Katherine Purtee was present for the arrest and removed the three children from the home.); ¶ 21, 22 (Purtee discussed information with A.B's children and the foster parents)]. That the allegations assert these actions amounted to extreme and outrageous is of no matter as the Indiana Supreme Court considers even criminal actions to fall within the immunity's scope. *Stropes v. Heritage House,* 547 N.E.2d at 247. Accordingly, Plaintiffs' state law claim against Purtee should be dismissed.

### C. The Indiana Department of Child Services is entitled to Eleventh Amendment Immunity.

Plaintiffs' claim against the Indiana Department of Child services seeks to impose liability upon the state agency for Purtee's alleged actions under state law.  [ECF 1, p. 7.]  This cannot proceed.  The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  Though specifically speaking of "suits filed by citizens of another state, the Supreme Court 'has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Peirick v. Indiana U.-Purdue U. Indianapolis Athletics Dept.*, 510 F.3d 681, 694–95 (7th Cir. 2007) (*citing Edelman v. Jordan,* 415 U.S. 651, 662–63, (1974)).  Eleventh Amendment immunity applies to both injunctive relief and monetary relief.  *Ameritech Corp. v. McCann,* 297 F.3d 582, 585 (7th Cir. 2002).

The Indiana Department of Child Services is an arm of the State of Indiana.  The State has not waived its Eleventh Amendment immunity (*see Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988)).  Accordingly, Plaintiffs' claim for respondeat superior must be dismissed.

### CONCLUSION

The State Defendants, Katherine Purtee and the Indiana Department of Child Services, are entitled to a partial dismissal of Plaintiffs' claims.  Plaintiffs' "official capacity" claim and state law tort claim against Purtee should be dismissed as well as Plaintiffs' claim under a theory of respondeat superior against the Indiana Department of Child Services must also be dismissed.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: April 7, 2020 |  |
|  | CURTIS T. HILL, JR. |
| Office of the Attorney General | Atty. No. 13999-20 |
| IGC South, Fifth Floor | Attorney General of Indiana |
| 302 W. Washington Street |  |
| Indianapolis, IN 46204 | Bryan R. Findley |
| (317) 232-6217 | Atty. No. 34447-30 |
| Bryan.Findley@atg.in.gov | Deputy Attorney General |

6