UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DOE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ADAM GRAY, individually and in his official capacity as an officer of the Starke County Sheriff Department, *et al.*, <br><br> Defendants. | CASE NO. 3:20-CV-129-DRL-MGG |

**ORDER**

On April 6, 2020, Plaintiffs filed their Renewed Motion for an Order Allowing Plaintiffs to Proceed under Pseudonum John Doe and A.B. As of this date, no defendant has filed any response brief despite being afforded more than fourteen days to do so. *See* N.D. Ind. L.R. 7-1(d)(3)(a). Accordingly, the Court can only assume that Plaintiffs' motion is unopposed. Moreover, Plaintiffs, through their Renewed Motion, have rebutted the presumption that parties' identity are public information by showing that the harm to them from public disclosure of their identities exceeds the likely harm to the public's interests by concealment of their identities. *See Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

As Plaintiffs correctly note, proceeding anonymously in litigation is an "unusual practice . . . permitted in exceptional cases [including] where the party has a privacy right so substantial as to outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Ind. Black Expo, Inc.*, 923 F.

Supp. 137, 139 (S.D. Ind. 1996) (quotation omitted and collective cases). The following factors should be considered when determining "whether a plaintiff's interest in privacy is so significant as to outweigh the strong presumption favoring public identification of litigants:"

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Id.* at 140 (quoting *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996)). Plaintiffs have shown that this case challenges governmental activity and that litigating this case using their real names would require them to disclose information of the utmost intimacy, would risk further injury to themselves and their children, and would not prejudice Defendants.

First, Plaintiffs argue that they are raising claims challenging governmental activity. Plaintiffs' claims are based on the acts of state employees conducting state business, including the arrest of Doe and A.B. and the removal of their children from their home. Unfortunately, Plaintiffs cite no legal authority to support their conclusion but Defendants do not object to the conclusion. Moreover, unwilling victims of unlawful action by a government have been allowed to proceed anonymously in civil litigation. *See Ind. Black Expo, Inc.*, 923 F. Supp. at 141.

Second, Plaintiffs contend that disclosing their identities publicly in this litigation would force them to reveal highly personal information regarding Plaintiff Doe's sexual

identity. Indeed, part of Plaintiffs' complaint includes allegations under the Fourteenth Amendment that Defendants Adam Gray and Katherine Purtee violated Doe's constitutional right to privacy when they disclosed previously confidential information related to his transitioning from female to male. A constitutional right to privacy exists as to "medical, sexual, financial, and perhaps other categories of highly personal information—information that most people are reluctant to disclose to strangers . . . ." *Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010) (citing *Whalen v. Roe*, 429 U.S. 589, 598–600 (1977) and collecting cases from several courts of appeals recognizing this right to privacy). Therefore, identifying Doe by name in relation to this case would reveal information of the utmost intimacy that he had allegedly been reluctant to reveal to anyone and tried to keep confidential.

Information of the utmost intimacy would also be revealed if A.B. was identified by name in this lawsuit because she is Doe's significant other and they are raising children together. In fact, Plaintiffs' complaint alleges that A.B. was unaware of Doe's sexual transitioning until Defendant Gray disclosed it to her following the arrests relevant to this case. Moreover, Plaintiffs allege that Defendant Gray shared the same information with Defendant Purtee who then disclosed it to Plaintiffs' children and their foster parents.

Third, Plaintiffs report that these disclosures of Doe's highly personal information have already resulted in embarrassment, ridicule, harassment, and bullying directed toward their family. It is reasonable to think that public disclosure of Plaintiffs'

3

identities in relation to this case would likely exacerbate these harms and further damage several aspects of Plaintiffs' and their children's lives.

Lastly, Defendants will not be prejudiced—at least in this early stage of litigation—if Plaintiffs are allowed to proceed anonymously. They already know Plaintiffs' true identities. The parties can conduct discovery consistent with the reach of Fed. R. Civ. P. 26(b)(1) without publicly identifying Plaintiffs. Additionally, Defendants may file a motion to revisit the question of anonymity should circumstances in this litigation change.

Therefore, having considered the *Shakur* factors applied in *Ind. Black Expo. Inc.*, the Court finds that the harm to Plaintiffs from public disclosure of their identities exceeds the likely harm from concealment of their identities. *See City of Chicago*, 360 F.3d at 669; *Ind. Black Expo, Inc.*, 923 F. Supp. at 139. Accordingly, the Court **GRANTS** Plaintiffs' Renewed Motion. [DE 16]. Plaintiffs may proceed in this action under the pseudonyms John Doe and A.B.

**SO ORDERED** this 23rd day of April 2020.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
