UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DOE and A.B., <br><br> Plaintiffs, <br><br> v. <br><br> ADAM GRAY *et al.*, <br><br> Defendants. | CAUSE NO. 3:20-cv-129 DRL-MGG |

OPINION & ORDER

Two individuals are pursuing federal constitutional and state tort claims against multiple defendants alleging an unlawful arrest and disclosure of personal information in violation of privacy rights. Katherine Purtee and the Indiana Department of Child Services filed a partial motion to dismiss under Rule 12(b)(6), which (because of prior stipulation) now requires only a decision on the intentional infliction of emotional distress claim against Katherine Purtee. Because the Indiana Tort Claims Act (ITCA) grants her immunity, the court grants her motion.

BACKGROUND

At this procedural stage, the court must assume the truth of the complaint's well-pleaded allegations, so the following facts emerge. John Doe, born biologically female, began the transition from female to male before February 2018. On February 7, 2018, Officer Adam Gray arrested John Doe and his significant other, A.B., and transported them to the Starke County Jail for questioning. Officer Gray ordered John Doe to strip and change his clothes into jail garb while he remained in the room, during which the officer discovered that John Doe was biologically a female.

Officer Gray thereafter told both A.B. and Katherine Purtee, a family case manager with the Indiana Department of Child Services (IDCS), that John Doe was female. Ms. Purtee then disclosed that information to A.B.'s children while removing them from her home. She later disclosed this

information to the children's foster parents. Neither A.B. nor A.B.'s children were aware of John Doe's sexual preference before disclosure of this information. John Doe and A.B. filed their complaint against Officer Gray, Case Manager Purtee, the Starke County Sheriff's Department, and IDCS for constitutional and state tort claims—only one of which (intentional infliction of emotional distress) remains at issue now.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and more than just speculative. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is plausible enough to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

In response to a series of decisions that practically abolished common law immunity for government entities and activities, Indiana passed the Indiana Tort Claims Act. *F.D. v. Ind. Dept. of Child Servs.*, 1 N.E.3d 131, 135-36 (Ind. 2013). It "granted absolute immunity to governmental entities in a number of specific circumstances, and codified rules of liability for other areas of governmental activity." *Gary Cmty. Sch. Corp. v. Roach-Walker*, 917 N.E.2d 1224, 1227 (Ind. 2009). Whether immunity applies under the ITCA is a question of law for the court. *F.D.*, 1 N.E.3d at 136. The question here is

whether the ITCA grants immunity to Ms. Purtee for any intentional infliction of emotional distress caused while she was acting within the scope of her employment.

The answer seems simple: it does. "Under the [ITCA], there is no remedy against the individual employee so long as [she] was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) (citing Ind. Code § 34-13-3-5(b)); *see also Julian v. Hanna*, 732 F.3d 842, 848 (7th Cir. 2013) ("the [ITCA] makes clear that there is no remedy against the individual employees for anything they did that was within the scope of their employment"). Plaintiffs allege that Ms. Purtee was acting within the scope of her employment (ECF 1 ¶ 46). The actions they allege Ms. Purtee took fall exactly within the scope of a family caseworker: she was present for the removal of the three children from the home following the arrest (*Id.* ¶ 14). Immunity applies here even if Ms. Purtee's behavior in discussing John Doe's personal information while on the job could be characterized as "egregious." *See Hendricks v. New Albany Police Dept.*, 749 F. Supp.2d 863, 869 (S.D. Ind. 2010) (Pratt, J.); *see also Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003) (employee not liable for acts performed within scope of employment even when acts were criminal).

Plaintiffs attempt to skirt this circuit's law by claiming that Indiana Code § 34-13-3-5(c) contains exceptions to Indiana Code § 34-13-3-5(b) such that, even if a person were acting within the scope of her employment, her acts might not be immunized if—as Plaintiffs state—the acts were done "maliciously." *See* Ind. Code § 34-13-3-5(c)(3). But, as previously acknowledged by this court, this interpretation of the ITCA—though perhaps not unreasonable as argument—has already been foreclosed by this circuit's decision in *Ball*. *See Cantero v. Indiana*, 2018 U.S. Dist. LEXIS 193611 at 8-9 (N.D. Ind. Nov. 13, 2018) (Miller, J.) ("[e]ven if that is a reasonable interpretation of Ind. Code § 34-13-3-5(c), the court of appeals has foreclosed it").

CONCLUSION

Accordingly, the court GRANTS Katherine Purtee's partial motion to dismiss (ECF 18) and DISMISSES the intentional infliction of emotional distress claim against her. The rest of the motion is DENIED AS MOOT.

SO ORDERED.

July 8, 2020

*s/ Damon R. Leichty*
Judge, United States District Court